UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| HELENA CHEMICAL COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARTY VANCIL D/B/A VANCIL ) <br> FARMS, ) <br> ) <br> Defendant/Counterclaim Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HELENA CHEMICAL COMPANY, ) <br> STEVE HAWKINS, AND TRIPP GILES, ) <br> ) <br> Counterclaim Defendants. ) | No. 1:17-CV-00191-AGF |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendant/Counterclaim Plaintiff Marty Vancil d/b/a Vancil Farms to remand. ECF No. 13. For the reasons set forth below, the motion will be denied.

**BACKGROUND**

Plaintiff Helena Chemical Company ("Helena Chemical") filed this action on the basis of diversity jurisdiction against Defendant Marty Vancil d/b/a Vancil Farms ("Vancil") on October 27, 2017, asserting claims of breach of contract, "account stated," quantum meruit, and unjust enrichment. The allegations stem from the sale of various Helena Chemical products during the 2016 growing season, including an herbicide to be used on Vancil's cotton crop. Helena Chemical is a citizen of Delaware and Tennessee,

1

and Vancil is a citizen of Missouri, and it is uncontested that the amount in controversy exceeds $75,000.

On January 2, 2018, Vancil filed an answer and counterclaim, in which he asserted that the herbicide sold to him was defective, thereby justifying his non-payment, and he included claims against two additional parties: Steve Hawkins and Trip Giles, purported agents of Helena Chemical and Missouri citizens.[1] His claims against the Counterdefendants include products liability, breach of contract, and fraudulent misrepresentation.

Vancil also filed a motion to remand requesting that the Court remand the case to the Circuit Court of Dunklin County, Missouri, because Hawkins and Giles destroyed complete diversity of citizenship, thereby depriving the Court of subject matter jurisdiction. Helena Chemical opposes the motion and asks the Court to interpret it as a motion to dismiss for lack of subject matter jurisdiction, since the case was never initially filed in state court. Helena Chemical contends that this Court retains subject matter jurisdiction over the lawsuit because the claims asserted in the counterclaim are compulsory, thereby maintaining the Court's jurisdiction over the matter.

---

[1] The Court is not convinced that Hawkins and Giles were properly added as parties to this action. While adding parties without leave of court is permitted, especially when a counterclaim is filed as a part of a responsive pleading, the general practice is to obtain a court order to join the additional party. *See generally BOKF, N.A. v. BCP Land Co., LLC,* No. 6:14-CV-03025-MDH, 2015 WL 2354386, at *6 (W.D. Mo. May 15, 2015); *Travelers Indem. Co. of Am. v. Holtzman Properties, LLC*, No. 4:08-CV-351 CAS, 2008 WL 3929574, at *2 (E.D. Mo. Aug. 21, 2008). However, Helena Chemical did not raise any objection. Moreover, Hawkins and Giles answered the counterclaim and are represented by the same attorneys that are representing Helena Chemical.

**DISCUSSION**

Helena Chemical correctly points out that Vancil's motion, while couched as a motion to remand, is actually a motion to dismiss for lack of subject matter jurisdiction. This case was never filed in state court, rendering Vancil's motion procedurally improper. However, in the motion for remand, Vancil challenges this Court's subject matter jurisdiction because Vancil and Counterclaim Defendants Hawkins and Giles are citizens of Missouri, thereby destroying diversity of citizenship. Therefore, the Court will construe the motion to remand as a motion to dismiss.

Title 28 U.S.C. § 1332(a)(1) states that district courts shall have original jurisdiction in civil actions between citizens of different States when the amount in controversy exceeds $75,000. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). Motions to dismiss for lack of subject matter jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(1).

Under Eighth Circuit precedent, a party asserting a counterclaim can invoke ancillary jurisdiction over the counterclaim only where it is considered compulsory; where the counterclaim is permissive, the party asserting the counterclaim must provide an independent basis for the court's subject matter jurisdiction. *Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7 of Jefferson Cnty., Mo.*, 747 F.2d 1195, 1197 (8th Cir. 1984). A counterclaim is considered compulsory where it "arises out of the transaction

or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A).

A federal court exercising diversity jurisdiction does not have supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) "over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24 of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). However, this limitation does not apply when a counterclaimant asserts a claim against a non-diverse counterdefendant. *See Am. Ins. Co. v. St. Jude Med., Inc.*, 597 F. Supp. 2d 973, 980 (D. Minn. 2009) (citing *Travelers Indem. Co. of Am. v. Holtzman*, Civ. No. 4:08–351, 2008 WL 3929574, at *2–5 (E.D. Mo. Aug. 21, 2008)).

Helena Chemical seeks damages from Vancil for his failure to pay for a number of products sold to him by Helena Chemical, including an herbicide. In his counterclaim, Vancil contends that Helena Chemical, through its agents or employees (Hawkins and Giles), sold an herbicide for use on Vancil's cotton crops that caused damage to his crops. He argues that as a result, he should be relieved from the requirement to pay, and he also asserts claims for products liability, breach of contract, and fraudulent misrepresentation. The counterclaim arises out of the same transaction or occurrence as that asserted in the complaint, i.e., the sale of the herbicide, thereby rendering Vancil's counterclaim compulsory. As a result, the Court retains subject matter jurisdiction over the entire action, even though Giles and Hawkins share Vancil's Missouri citizenship.

*See id.* Vancil's motion to remand, construed as a motion to dismiss for lack of subject matter jurisdiction, will be denied.

## CONCLUSION

Accordingly,

    **IT IS HEREBY ORDERED** that Defendant's motion to remand is **DENIED**. ECF No. 13.

                                     _____
                                     AUDREY G. FLEISSIG
                                     UNITED STATES DISTRICT JUDGE

Dated this 12th day of March, 2018.